UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



CASE NO. 00-6090-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERTO FARRADAZ,

    Defendant.
_____/

POSITION OF DEFENDANT
ROBERTO FARRADAZ
RE: SENTENCING

### DEFENDANT, ROBERTO FARRADAZ' FACTUAL AND LEGAL OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW, Defendant, ROBERTO FARRADAZ ("Defendant"), by and through his undersigned counsel, and pursuant to the United States Sentencing Guidelines ("USSG") §6A1.3, hereby files his Factual and Legal Objection to the Pre-sentence Investigation Report ("PSI"). In support thereof, he states as follows:

### FACTUAL OBJECTIONS

1. Defendant objects to the provisions of paragraphs 7 and 25, which say that Mr. Farradaz was "re-arrested". Mr. Farradaz voluntarily surrendered in order to work out his case. He was not arrested by surprise at the PSI appears to suggest. He negotiated and coordinated his orderly surrender with federal agents while he was a fugitive in Costa Rica.



## **LEGAL OBJECTIONS**

1. Defendant objects to paragraphs 25 and 31, which discuss an obstruction of justice adjustment because the defendant became a fugitive. This adjustment is pursuant to U.S.S.G. §3C1.1. This adjustment should not apply for several reasons. First, because government counsel and defense counsel agreed against this application through the plea agreement. Second, because the defendant's flight did not obstruct justice in any material way. The defendant was not necessary for trial. Indeed, no defendant went to trial in this case. Although the defendant recognizes the seriousness of fleeing the jurisdiction to avoid the consequences of his indictment the PSI totally ignores the other side of the analysis-that the defendant purely, on his own, voluntarily surrendered to the authorities to reach his fate, without which, he would still be a fugitive today.

2. Defendant objects to paragraphs 26 and 34, which discuss denying him a downward adjustment for acceptance of responsibility. The basis for this is the analysis for the obstruction of justice. One adjustment is not dependent on the other. Acceptance of responsibility, pursuant to U.S.S.G. §3E1.1 only requires a defendant do two things, which this defendant has done. One, plead guilty and accept responsibility personally and unconditionally for the offense conduct.

Two, express genuine remorse for same. As stated, these two criteria have been met. Additionally, the agreement of the parties demonstrates that the government is satisfied that the defendant should receive this adjustment under the particular circumstances of this case.

WHEREFORE, Defendant ROBERTO FARRADAZ has filed his position regarding the P.S.I.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 19th day of January 2004: Larry Bardfeld, AUSA, 500 East Broward Blvd., Fort Lauderdale, FL, 33301 and Stephanie Ralson, U.S. Probation Officer, Federal Courthouse Building, 299 East Broward Boulevard, Rm. 409, Ft. Lauderdale, Florida 33301-1865.

RICHARD J. DIAZ, P.A.
3127 Ponce de Leon
Coral Gables, FL 33134
Tel: (305) 444-7181
Fax: (305) 444-8178

By:_____
Richard J. Diaz, Esq.
(Florida Bar #076769)